## THE NO. 5 MOTOR LIFEBOAT.

District Court, S. D. New York.
July 29, 1944.

Ex parte application made by James B. M. McNally, U. S. Atty., of New York City (Kirlin Campbell Hickox Keating & Mc-Grann, of New York City, of counsel), for the United States.

There were no other appearances.

LEIBELL, District Judge.

The petitioner herein has applied ex parte for an order for the issuance of a monition against all persons, or the representatives of such persons, that were injured or killed in a collision involving Motor Lifeboat No. 5, operating from the S. S. George Hadley, owned by the petitioner. The passengers in the lifeboat at the time of the collision included men employed aboard the Hadley and also eight men, some of whom were employed on the S. S. Jonathan Grout and others on the S. S. Clark Mills. All three vessels were owned by the petitioner. The lifeboat was being used to transport men of the crew of the S. S. George Hadley from Ferryville, Tunisia, to their vessel anchored outside Lake Bizerte, Tunisia. The officer in charge of the lifeboat consented to take eight men of the crews of the Grout and Mills to their respective ships, they having missed the launches attached to their ships.

The proposed order submitted herein provides for publication of notice of the monition sought and contains a restraining clause with a stay of all proceedings in relation to the claims of the injured seamen of the Grout and the Mills, except in the proceedings for limitation of liability. The petition upon which the order is based prays for an appraisement of the value of the petitioner's interest in Motor Lifeboat No. 5, and an exoneration from liability or a limitation of liability to the value of said lifeboat, as to the seamen of the Grout and Mills, who were injured or killed when the lifeboat collided with a French tug.

At first glance, there seems to be some authority for the contention of the petitioner that there should be a limitation of liability to the value of Motor Lifeboat No. 5, as to the claims arising from injuries received by seaman employed on the Grout and Mills. Standard Dredging Co. v. Kristiansen, 2 Cir., 67 F.2d 548; The George W. Pratt, 2 Cir., 76 F.2d 902. However, the facts of this case present a novel question, not decided by the cited cases, in that the petitioner herein is also the owner of the Grout and Mills upon which eight of the men were employed. In taking these eight men to their ships the Hadley's lifeboat was rendering a service which the launches of those vessels would ordinarily perform. In so far as their claims are concerned, the law might consider the Motor Lifeboat No. 5 as a unit of the Grout and the Mills in bringing their seamen to their respective vessels.

Because there are substantial interests at stake, and novel questions of law involved in this application, I think it should not be disposed of ex parte.

The ex parte application is therefore denied, without prejudice to a motion for the same relief, on notice to all known claimants or their attorneys.